UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GLORIA PETTIFORD,

    Plaintiff,

v.

Case No. 2:12-cv-11349
Honorable Patrick J. Duggan

J.P. MORGAN CHASE BANK, N.A.,
FEDERAL HOME LOAN MORTGAGE
CORPORATION,

    Defendants.
_____/

## OPINION AND ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

Plaintiff Gloria Pettiford is suing Defendants J.P. Morgan Chase Bank, N.A. ("J.P. Morgan") and the Federal Home Loan Mortgage Corporation ("Freddie Mac"), asserting improprieties in the foreclosure of her home. In her Complaint, filed with the assistance of counsel, Plaintiff brings the following claims: (1) quiet title, (2) unjust enrichment, (3) breach of Michigan Compiled Laws § 600.3205, and (4) deceptive act and/or unfair practice.

Presently before the Court is Defendants' Motion for Judgment on the Pleadings, filed pursuant to Federal Rule of Civil Procedure 12(c) on May 13, 2013. According to Defendants, they served Plaintiff with a copy of their motion via the Court's electronic filing system on May 13, 2013. This Court sent a notice

to the parties on May 14, 2013, indicating that the motion for judgment on the pleadings had been filed and reminding them of the provisions of Local Rule 7.1, specifically subsection (e) which provides that "[a] response to a dispositive motion must be filed within 21 days after service of the motion." E.D. Mich. LR 7.1(e). Nevertheless, Plaintiff has not responded to the motion. On June 14, 2013, this Court issued a notice informing the parties that it is dispensing with oral argument with respect to the motion pursuant to Local Rule 7.1(f).

For the reasons set forth below, the Court grants Defendants' motion and dismisses this action with prejudice.

**I.     BACKGROUND**

On September 10, 2007, Plaintiff entered into a residential mortgage loan transaction with Washington Mutual Bank, F.A. ("Washington Mutual") related to property located at 18830 Lancashire Street, Detroit, Michigan ("Property"). (Compl. ¶¶ 5, 8.) As part of this transaction, Plaintiff obtained a loan in the amount of $84,600.00 and, as security for the loan, gave Washington Mutual a mortgage on the Property. (*Id.* ¶ 8.) Washington Mutual's loans and other assets were later purchased by J.P. Morgan from the Federal Deposit Insurance Corporation, acting as receiver for Washington Mutual.

In 2009, Plaintiff requested that Washington Mutual modify the loan. (*Id.* ¶ 9.) According to Plaintiff, she was advised that she needed to fall behind on her

payments for several months in order to be considered for the modification. (*Id.*) Thereafter, Plaintiff did not make payments on her mortgage for two months, causing her to fall into default on the loan. (*Id.* ¶ 10.) Consequently, J.P. Morgan initiated foreclosure by advertisement proceedings with respect to the Property. (*Id.* ¶ 19.) A sheriff's sale was held on January 27, 2010, where Freddie Mac purchased the Property for $72,815.00. (*Id.* ¶¶ 11, 20; Defs.' Mot. Ex. C.) The redemption period expired on July 27, 2010, with Plaintiff failing to redeem. (Defs.' Br. in Supp. of Mot. at 4.)

Following the sheriff's sale, Freddie Mac initiated an action against Plaintiff for termination of tenancy and judgment of possession in Michigan's 36th District Court. (Compl. ¶ 12.) On October 12, 2010, Freddie Mac secured a judgment against Plaintiff. (*Id.* ¶ 13.) After several failed attempts by Plaintiff to appeal the District Court's judgment, the 36th District Court issued a writ of eviction against Plaintiff. (*Id.* ¶ 14.)

On March 26, 2012, Plaintiff initiated this action in the Circuit Court for Wayne County, Michigan. Defendants removed the Complaint to federal court on January 28, 2012, and filed the pending motion on May 13, 2013.

## II.    STANDARD OF REVIEW

A motion for judgment on the pleadings filed pursuant to Federal Rule of Civil Procedure 12(c) is evaluated under the same standard as a motion to dismiss

3

brought pursuant to Federal Rule of Civil Procedure 12(b)(6). *Roger Miller Music, Inc. v. Sony/ATV Publ'g, L.L.C*, 477 F.3d 383, 389 (6th Cir. 2007). To survive a Rule 12(b)(6) motion, a complaint need not contain "heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009). However, simple "recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*, at 678, 129 S. Ct. at 1949.

## III. ANALYSIS

### A. Standing

Defendants first contend that Plaintiff lacks standing to challenge the foreclosure sale now that the redemption period has expired. (Defs.' Mot. at 6.) The Court disagrees.

Foreclosures by advertisement, as well as the rights of both the mortgagor and mortgagee after the foreclosure sale has occurred, are governed by statute under Michigan law. *Conlin v. Mortg. Elec. Registration Sys., Inc.*, 714 F.3d 355, 359 (6th Cir. 2013) (citing *Munaco v. Bank of America*, No. 12–1325, 2013 WL

362752, at *3 (6th Cir. Jan. 31, 2013)).  After the sale of the foreclosed real property, the mortgagor is provided a six-month period in which to redeem the property.  *Id*. at 359.  If the mortgagor fails to redeem before the redemption period expires, the mortgagor's "right, title, and interest in and to the property" are extinguished.  *Id*. (citing *Piotrowski v. State Land Office Bd.*, 302 Mich. 179, 4 N.W.2d 514, 517 (1942)); *see also* Mich. Comp. Laws § 600.3236.  A court may set aside a completed foreclosure sale after the expiration of the redemption period only upon "a clear showing of fraud or irregularity" as to the foreclosure proceeding itself, and not simply as to any conduct by a defendant.  *Conlin*, 714 F.3d at 359-60 (internal quotation marks and citation omitted); *see also Freeman v. Wozniak*, 241 Mich. App. 633, 617 N.W.2d 46, 49 (2000).

  "The confusion over 'standing' arises because under Michigan's foreclosure statute, 'all the right, title and interest which the mortgagor had at the time of the execution of the mortgage' vests in the entity that purchased the foreclosed property in the sheriff's sale after the expiration of the redemption period."  *El-Seblani v. IndyMac Mortg. Servs.*, 510 F. App'x 425, 428 (6th Cir. 2013) (citing Mich. Comp. Laws § 600.3236).  When confronted with this issue, a number of courts in this District have relied on several Michigan Court of Appeals' cases in holding that mortgagors have no standing to challenge a completed foreclosure sale after the expiration of the redemption period.  *See Overton v. Mortg. Elec.*

*Registration Sys, Inc.*, No. 284950, 2009 WL 1507342, at *1 (Mich. Ct. App. May 28, 2009); *see also Awad v. Gen. Motors Acceptance Corp.*, No. 302692, 2012 WL 1415166, at *4 (Mich. Ct. App. Apr. 24, 2012); *Mission of Love v. Evangelist Hutchinson Ministries*, No. 266219, 2007 WL 1094424, at *5 (Mich. Ct. App. April 12, 2007). However, the Sixth Circuit Court of Appeals has stated that "these holdings 'do not turn on standing doctrine.'" *El-Seblani*, 510 F. App'x at 429 (quoting *Houston v. U.S. Bank Home Mortg. Wisconsin Servicing*, 505 F. App'x 543, 548 (6th Cir. 2012)). Rather, "[i]t is more accurate to say that the fraud or irregularity claims in *Overton*, *Awad*, and *Mission of Love* lacked sufficient merit to meet the high standard imposed by Michigan law on claims to set aside a foreclosure sale." *El-Seblani*, 510 F. App'x at 429. Therefore, while Plaintiff does not lack standing to challenge the foreclosure sale, she must still make "a clear showing of fraud, or irregularity" as to the foreclosure proceeding itself in order for the Court to set it aside.

    **B.    Quiet Title & Breach of Michigan Compiled Laws Section 600.3205 (Counts I & III, Respectively)**

In Counts I and III of the Complaint, Plaintiff asks the Court to set aside the foreclosure sale and grant her all legal title in the subject property based on allegations that Defendants failed to comply with Michigan's loan modification statute, Mich. Comp. Laws § 600.3205c. (Pl.'s Compl. ¶¶ 35-36, 45-46.) Earlier in her Complaint, Plaintiff alleges that Defendants violated the statute in that they:

6

(1) "repeatedly advised they had not received [her] loan modification after it had been sent several times[;]" (2) "repeatedly advised that due to 'illegibility' they could not process [her] request[;]" (3) "advis[ed] that her issue 'loan modification' was under review, when it was not[;]" and (4) "failed to complete the loan modification process and subsequently den[ied] [her] application." (*Id.* ¶ 17.) Nearly identical allegations are made in her third count. (*See id.* ¶ 45.) Defendants contend that Plaintiff "fails to introduce any evidence showing why Plaintiff should be awarded title to the Property free and clear of her contractual obligations under the Mortgage." (Defs.' Br. in Supp. of Mot. at 12.) To the extent Defendants mean that the allegations in the Complaint fail to make out a clear showing of fraud or irregularity necessary to set aside the foreclosure sale, the Court agrees.

As indicated above, the Court may set aside a completed foreclosure sale only "upon a clear showing of fraud or irregularity" as to the foreclosure proceeding itself. *Conlin*, 714 F.3d at 359-60; *Freeman*, 241 Mich. App. at 633, 617 N.W.2d at 49. Here, Plaintiff fails to allege any fraud or irregularity as to the foreclosure proceeding specifically. Rather, Plaintiff merely alleges that "[t]he actions of the Defendants [were] intentionally designed to preclude the Plaintiff from entering into a loan modification and keep possession of her home." (Compl. ¶ 32) Even if the Court were to accept this conclusory statement as true, it still

fails to allege any fraud or irregularity as to the actual foreclosure proceeding and does not stand up to the heightened pleading requirements for claims of fraud under Federal Rule of Civil Procedure 9(b).[1]  Moreover, the Sixth Circuit Court of Appeals recently held that requests to quiet title "are remedies and are not separate causes of action." *Goryoka v. Quicken Loan, Inc.*, No. 11-2178, 2013 WL 1104991, at *3 (6th Cir. Mar. 18, 2013).  For these reasons, Plaintiff's Count I must be dismissed.

Plaintiff's third count, which also requests that the Court set aside the foreclosure sale based on allegations that Defendants failed to comply with Michigan's loan modification statute, Mich. Comp. Laws § 600.3205c, is subject to dismissal for the reasons set forth above as well.  Further, even if Plaintiff were to allege sufficient facts demonstrating violations of section 600.3205c, the statute does not provide the relief Plaintiff requests.  The statute provides, in pertinent part:

> If a mortgage holder or mortgage servicer begins foreclosure proceedings under this chapter in violation of this section, the borrower may file an action in the circuit court for the county where the mortgaged property is situated to convert the foreclosure proceeding to a judicial foreclosure. If a borrower files an action under this section and the court determines that the borrower participated in the process under section 3205b, a modification agreement was not reached, and the borrower is eligible for modification under subsection (1), and subsection (7) does not apply, the court shall

---

[1] "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).

8

> enjoin foreclosure of the mortgage by advertisement and order that the foreclosure proceed under chapter 31.

Mich. Comp. Laws § 600.3205c(8). "The statute plainly requires the borrower to seek a remedy prior to the completion of the foreclosure sale, as it merely converts the proceeding into one of judicial foreclosure. A borrower may not challenge a complete foreclosure sale under this statute." *Benford v. CitiMortgage, Inc.*, No. 11–12200, 2011 WL 5525942, at *5 (E.D. Mich. Nov. 14, 2011) (citations omitted); *see also Dingman v. OneWest Bank, FSB*, 859 F. Supp. 2d 912, 923 (E.D. Mich. 2012). Finally, Plaintiff fails to plead facts to suggest that she suffered prejudice as a result of the alleged failure to comply with section 6003205c in that she does not allege that she qualified for a loan modification and her Complaint is devoid of facts suggesting that she would have been in a better position to preserve her interest in the property absent defendants' alleged non-compliance with the statute. Accordingly, Plaintiff's third count must also be dismissed.

### C. Unjust Enrichment (Count II)

Plaintiff next alleges that Defendants were unjustly enriched in excess of $25,000 as a result of the sheriff's sale and, as a result, she suffered a loss of at least the same amount. (Compl. ¶ 42.) To state a *prima facie* claim of unjust enrichment under Michigan law, a plaintiff must demonstrate that: (1) the defendant received a benefit from the plaintiff, and (2) the plaintiff suffered an inequity as a consequence of the defendant's retention of that benefit. *Liggett Rest.*

9

*Grp., Inc. v. City of Pontiac*, 260 Mich. App. 127, 137, 676 N.W.2d 633, 639 (2003).

First, as discussed above, Plaintiff fails to plead sufficient facts demonstrating any fraud or irregularity in the foreclosure proceeding itself; thus, she fails to establish that she suffered an inequity. Further, as correctly stated by Defendants, a claim of unjust enrichment cannot stand where the relationship between the parties to a dispute is governed by a contract. *Fodale v. Waste Mgmt. of Michigan, Inc.*, 271 Mich. App. 11, 36, 718 N.W.2d 827 (2006) ("In this case, an express contract, the 1987 loan agreements, governs the parties' loan. This alone would foreclose plaintiff's unjust enrichment claim."). Here, the case is governed by the 2007 mortgage contract. Thus Plaintiff's unjust enrichment claim is precluded. For these reasons, Plaintiff's second count must be dismissed.

### D. Deceptive Act and/or Unfair Practice (Count IV)

Plaintiff's final count includes allegations of "robo-signing" and defective notary attestation. (Compl. ¶¶ 47-53.) However, deceptive act and/or unfair practice claims are not recognized causes of action under Michigan law. *See Dingman*, 859 F. Supp. at 921. Even if the Court construed this count of Plaintiff's Complaint as alleging a claim under the Michigan Consumer Protection Act ("MCPA"), it fails as a matter of law. "Both Michigan courts and federal courts applying Michigan law have consistently held that the MCPA does not apply to

10

claims arising out of residential mortgage transactions." *Sembly v. U.S. Bank, N.A.*, No. 11-12322, 2012 WL 32737, at *5 (E.D. Mich. Jan. 6, 2012) (unpublished) (citation omitted), *aff'd*, 508 F. App'x 443 (2012); *see also Newton v. Bank West*, 262 Mich. App. 434, 442, 686 N.W.2d 491, 494 (2004); *Mills v. Equicredit Corp.*, 294 F. Supp. 2d 903, 910 (E.D. Mich. 2003), *aff'd*, 172 F. App'x 652 (6th Cir. 2006).

Plaintiff's final count, which arises out of a residential mortgage transaction between the parties, therefore must be dismissed.

## IV. CONCLUSION

For the reasons set forth above, the Court concludes that Plaintiff's Complaint fails to state a claim upon which relief can be granted.

Accordingly,

**IT IS ORDERED** that Defendants' Motion for Judgment on the Pleadings is **GRANTED**.

Date: July 15, 2013

                                 s/PATRICK J. DUGGAN
                                 UNITED STATES DISTRICT JUDGE

Copies to:
James W. Anderson, Jr., Esq.
Joseph H. Hickey, Esq.
Kyle R. Dufrane, Esq.
Thomas H. Trapnell, Esq.