UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GLORIA PETTIFORD,

    Plaintiff,

v().                                          Case No. 2:12-cv-11349
                                                Honorable Patrick J. Duggan

J.P. MORGAN CHASE BANK, N.A.
and FEDERAL HOME LOAN
MORTGAGE CORPORATION,

    Defendants.
_____/

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION, TO ALLOW FILING OF LATE RESPONSE AND FOR PERMISSION TO AMEND COMPLAINT**

On March 26, 2012, Plaintiff initiated this action against Defendants in the Circuit Court for Wayne County, Michigan. In her Complaint, Plaintiff asserted improprieties related to the foreclosure of her home. Defendants removed Plaintiff's Complaint to federal court on January 28, 2012. They filed a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) on May 13, 2013, which this Court granted in an Opinion and Order on July 15, 2013. Presently before the Court is Plaintiff's "Motion for Reconsideration, to Allow Filing of Late Response and for Permission to Amend Complaint," filed August 1, 2013. For the reasons that follow, Plaintiff's motion is denied.

## Procedural Background

Plaintiff asserted the following "claims" against Defendants in her Complaint: (1) quiet title, (2) unjust enrichment, (3) breach of Michigan Compiled Laws § 600.3205, and (4) deceptive act and/or unfair practice.  Plaintiff claims that, in 2009, she requested a loan modification from the lender of her home mortgage loan, Washington Mutual Bank, F.A. ("Washington Mutual").  Plaintiff alleges that Washington Mutual advised her that she needed to fall behind on her payments to be considered for the modification and that she complied, failing to make mortgage payments for several months.  J.P. Morgan Chase Bank, N.A. ("J.P. Morgan"), which subsequently purchased Washington Mutual's loans and other assets, consequently initiated advertisement proceedings to foreclose the property.

At a sheriff's sale on January 27, 2010, Federal Home Loan Mortgage Corporation ("Freddie Mac") was the successful bidder.  The redemption period expired on July 27, 2010, with Plaintiff failing to redeem.  A judgment of eviction was entered by Michigan's 36th District Court on October 12, 2010.  As indicated earlier, Plaintiff then initiated this action on March 26, 2012.

In their motion for judgment on the pleadings, filed May 13, 2013, Defendants argued in part that Plaintiff's Complaint failed to state a claim on

which relief may be granted. On the same date, Defendants served Plaintiff's counsel with a copy of the motion via the Court's electronic filing system. On May 14, 2013, this Court sent a notice to the parties indicating that the motion had been filed and reminding them that a response to a dispositive motion must be filed within 21 days after service of the motion pursuant to Eastern District of Michigan Local Rule 7.1. A month later, the Court issued a notice informing the parties that it was dispensing with oral argument with respect to the motion pursuant to Local Rule 7.1(f). No response was ever filed and, as set forth earlier, the Court granted the motion in a July 15, 2013 opinion and order. Judgment was entered on the same date in favor of Defendants.

In her pending motion, Plaintiff seeks reconsideration, to file a late response, and for permission to file an amended complaint. According to the motion, Plaintiff's counsel's "very heavy trial and court schedule" caused him to be unaware of the dates briefs were due and thus he was "surprised to find the Court's Opinion and Order dated July 15, 2013." (Pl.'s Mot. ¶ 1.) Seeking to set aside the Court's decision and judgment, Plaintiff relies on Federal Rule of Civil Procedure 60(b)(1) and seeks leave to amend pursuant to Federal Rule of Civil Procedure 15(a)(2).

Defendants filed a response to Plaintiff's motion on August 16, 2013.

Defendants contend that Plaintiff's request for reconsideration is untimely and that she fails to demonstrate excusable neglect to support her Rule 60(b)(1) request. Defendants also argue that Plaintiff's proposed amendments are futile.

## Applicable Standards

Pursuant to Local Rule 7, motions for reconsideration "must be filed within 14 days after entry of the judgment or order." E.D. Mich. L.R. 7.1(h)(1). "The court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. L.R. 7.1(h)(3). The movant must "demonstrate a palpable defect by which the court and the parties . . . have been misled" *and* "show that correcting the defect will result in a different disposition of the case." *Id.* A defect is palpable when it is "obvious, clear, unmistakable, manifest, or plain." *Chrysler Realty Co., LLC v. Design Forum Architects, Inc.*, 544 F. Supp. 2d 609, 618 (E.D. Mich. 2008).

Federal Rule of Civil Procedure 60(b)(1) allows a district court to vacate an order or final judgment because of "mistake, inadvertence, surprise, or excusable neglect." According to the Sixth Circuit Court of Appeals, this provision "is intended to provide relief in only two situations: (1) when a party has made an excusable mistake or an attorney has acted without authority, or (2) when the judge

has made a substantive mistake of law or fact in the final judgment or order." *United States v. Reyes*, 307 F.3d 451, 455 (2002) (citing *Cacevic v. City of Hazel Park*, 226 F.3d 483, 490 (6th Cir. 2000)).

Finally, pursuant to Federal Rule of Civil Procedure 15(a), leave to amend is "freely" granted "when justice so requires." See Fed. R. Civ. P. 15(a). The United States Supreme Court has advised that a plaintiff should be allowed the opportunity to test a claim on the merits if the facts and circumstances underlying the claim suggest that it may be a proper subject of relief. *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962). However the Court further instructed that a motion to amend a complaint should be denied if the amendment is brought in bad faith or for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile. *Id*. Moreover, where final judgment has been entered, the plaintiff cannot seek to amend the complaint "without first moving to alter, set aside or vacate judgment pursuant to Rule 59 or Rule 60 of the Federal Rules of Civil Procedure." *In re Ferro Corp. Derivative Litigation*, 511 F.3d 611, 624 (6th Cir. 2008) (citing *Morse v. McWhorter*, 290 F.3d 795, 799 (6th Cir. 2002)). "Unless postjudgment relief is granted, the district court lacks power to grant a motion to amend the complaint under Rule 15(a) of the Federal Rules of Civil Procedure." *Id*. (internal quotation marks and citation omitted).

## Analysis

Plaintiff's request for reconsideration pursuant to Local Rule 7.1 is untimely. The deadline for Plaintiff to file a motion for reconsideration expired on July 29, 2013. Thus her August 1 motion, to the extent it seeks reconsideration must be denied. Moreover, Plaintiff has not set forth a palpable defect in the Court's July 15 opinion and order warranting relief under Local Rule 7.

Plaintiff also has not set forth "mistake, inadvertence, surprise, or excusable neglect" entitling her to relief under Federal Rule of Civil Procedure 60(b)(1). Plaintiff relies on her attorney's failure to file a response to Defendants' motion to dismiss which allegedly resulted from his heavy trial and court schedule. However, " 'clients must be held accountable for the acts and omissions of their attorneys.' " *McCurry v. Adventist Health Sys./Sunbelt, Inc.*, 298 F.3d 586, 594 (6th Cir. 2002) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380, 396, 113 S. Ct. 1489, 1499 (1993)). And an attorney's "failure to respond to [a dispositive motion] or to request an extension of time to file a response thereto is inexcusable neglect." *Kendall v. Hoover Co.*, 751 F.2d 171, 175 (6th Cir. 1984) (citing cases); *see also Cacevic v. City of Hazel Park*, 226 F.3d 483, 490-91 (6th Cir. 2000) (citing *Kendall*).

Notably, as a result of the procedures followed by this Court, Plaintiff's

counsel received several reminders of the pendency of Defendants' motion and thus the need to file a response or seek an extension of time to do so. On May 14, 2013, the Court issued a notice reflecting the filing of the motion and reminding the parties of Local Rule 7's requirement that a response to a dispositive motion must be filed within 21 days. The Court sent a no hearing notice with respect to the motion on June 14, 2013. Although the time to respond had passed by that date, Plaintiff's counsel could have sought an extension of time as the Court waited another month before issuing a decision. He did not, however. Counsel's heavy trial and court schedule neither excuses his failure to respond to the motion nor his failure to at least submit a brief motion seeking an extension of time to respond.

As Plaintiff fails to demonstrate entitlement to post-judgment relief under Rule 60, the Court lacks the power to consider her request to file an amended complaint. *See In re Ferro Corp. Derivative Litigation, supra.* Even if the Court considered her request, however, it would find that her proposed amendments would be futile. For the same reasons discussed in this Court's July 15, 2013 opinion and order, she fails to demonstrate fraud or irregularity in the foreclosure proceedings to set aside the foreclosure sale or to state a claim upon which other relief may be granted.

Accordingly,

7

**IT IS ORDERED**, that Plaintiff's Motion for Reconsideration, to Allow Filing of Late Response and For Permission to Amend Complaint is **DENIED**.

Dated: August 22, 2013                s/PATRICK J. DUGGAN
                                      UNITED STATES DISTRICT JUDGE

Copies to:
James W. Anderson, Jr., Esq.
Joseph H. Hickey, Esq.
Kyle R. Dufrane, Esq.